Filed 10/2/23  P. v. Benzon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096794 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE015471) |
| v. | |
| DAVID ANTHONY BENZON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Anthony Benzon asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## I.  BACKGROUND

In March 2019, a jury found defendant guilty of first degree burglary with a person present.  (Pen. Code, §§ 459, 667.5, subd. (c)(21).)[1]  In bifurcated proceedings,

---

[1]  Undesignated statutory references are to the Penal Code.

1

the jury found true that defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony (§ 667, subd. (a)), and that he had served a prior prison term (former § 667.5, subd. (b)).

In May 2019, the trial court sentenced defendant to prison for an aggregate term of 10 years, as follows: two years for the burglary conviction doubled to four years due to the prior strike, five years consecutive for the prior serious felony enhancement, and one year consecutive for the prior prison term enhancement. It also imposed various fines and fees. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

On appeal, we reversed the sentence and remanded the matter for the trial court to strike the prior prison term based on Senate Bill No. 136 (2019-2020 Reg. Sess.), resentence defendant, and correct clerical errors in the abstract of judgment. We otherwise affirmed the judgment. (*People v. Benzon* (Dec. 17, 2021, C089738) [nonpub. opn.].)

During the August 2022 resentencing hearing, the trial court struck the prior prison term (former § 667.5, subd. (b)) and the prior serious felony enhancement (§ 667, subd. (a)). It imposed a four-year prison term on the burglary conviction (§ 459), doubled to eight years due to the prior strike (§§ 667, subds. (b)-(i), 1170.12).

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/
_____
RENNER, J.

We concur:

/S/
_____
DUARTE, Acting P. J.

/S/
_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.